DECISION
Plaintiff appealed the penalty imposed by Defendant as part of its Notice of Tax Assessment (Assessment Notice) for 2006, issued November 6, 2007. In his Complaint, Plaintiff requested "removal of penalty assessed." (Ptf's Compl at 1.) In its Answer, Defendant requested that the court uphold the penalty because it is statutorily required, and Plaintiff did not satisfy all the requirements for the exception. (Def's Answer at 1.) The court addressed the matter with the parties at the case management conference held March 5, 2008. Plaintiff appeared on his own behalf. Defendant was represented by Laurie Fery (Fery).
Plaintiff prepares tax returns for a living. Plaintiff filed an extension for his 2006 returns and thereafter filed his Oregon return within that extension period. Plaintiff paid the outstanding tax due when he filed that return. Defendant issued an assessment notice imposing a penalty equal to five percent of the tax due. The penalty amount is $10.45 (5 percent of $209 tax). *Page 2 
After some discussion, Plaintiff conceded the legality of the penalty, but expressed an objection to certain language in Defendant's Assessment Notice, which he finds confusing and misleading.[1]
ORS 305.275(1)(a)[2] requires that a taxpayer appealing to the magistrate division of the Oregon Tax Court be "aggrieved and affected by" an act or omission of the department. Having withdrawn his challenge to the penalty, which was the only issue raised in the Complaint, Plaintiff is no longer "aggrieved" by an act of the department and he lacks the statutory authority for standing. The legal principle behind the statute is that there must be a justiciable controversy for the court to resolve. This case lacks such a controversy and is therefore ripe for dismissal. As for Plaintiff's concern over the accuracy or clarity of the department's notice, it is not the court's province to instruct the department on how its notices should be worded.
Plaintiff has withdrawn his challenge to the imposition of the penalty, which was the original and only basis for his appeal, and the case must therefore be dismissed. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed because Plaintiff no longer challenges an act, omission or determination of the department and is therefore not aggrieved as required by ORS305.275.
Dated this ___ day of March 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailingto: 1163 State Street,Salem, OR 97301-2563; or by hand deliveryto: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on March 27, 2008.The Court filed and entered this document on March 27, 2008.
[1] Defendant's November 6, 2007, assessment notice reads in part: "Thank you for filing your tax return. We received your tax return after the due date or without full payment." Plaintiff views his return as having been filed "timely," and with full payment of the tax, because he filed his Oregon return pursuant to a federal extension, and paid the tax due at that time. Plaintiff believes Defendant's notice would be more accurate if it stated that the department had received his return "after the due date or without payment of at least 90 percent of the tax by the due date, excluding extensions," or words to that effect, because OAR 150-314.400(1)(3)(B), requires that at least "90 percent of the tax after credits as shown on the return [be] paid on or before the original due date of the return," and the "original due date of the return" was April 15, 2007. See ORS 314.385 (requiring taxpayers to file their Oregon returns "on or before the due date of the corresponding federal return"); Internal Revenue Code (IRC) § 6072(a) (providing that tax returns for calendar year taxpayers "shall be filed on or before the 15th day of April following the close of the calendar year" for which the return is due).
[2] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1